# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK N.A. AS TRUSTEE ON BEHALF OF ADJUSTABLE RATE MORTGAGE TRUST 2005-11 ADJUSTABLE RATE MORTGAGE BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-11,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN McCALLUM; DOES I through X, Inclusive,<br><br>Defendants. | CASE NO. 11cv2566 MMA (WVG)<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT**;<br><br>**DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 2] |

On November 3 2011, Defendant John McCallum filed a notice of removal of an unlawful detainer action brought by Plaintiff U.S. Bank N.A. as Trustee on behalf of Adjustable Rate Mortgage Trust 2005-11 Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-11. [Doc. No. 1.] After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. Therefore, for the following reasons, the Court **REMANDS** this action to state court.

/ / /

## DISCUSSION

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

Defendant does not clearly allege the statutory basis for removal in his notice of removal. However, the Court *sua sponte* must consider whether jurisdiction exists. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider sua sponte whether it has subject matter jurisdiction). First, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Thus, although Defendant asserts this action "implicates constitutional repugnancy with statutory violations including but not limited to, securities law, fair debt collection practices, unfair and deceptive practices, conspiracy against rights, [and] civil rights violations," the face of the complaint makes clear that no basis for federal question jurisdiction exists. [Doc. No. 1, p.3 ¶11.]

In addition, diversity jurisdiction is absent. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See* 28 U.S.C. § 1332(a). Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business. Indeed, Defendant asserts "[t]his

1  Plaintiff is a fiction. Its citizen ship [sic] is unknown." [Doc. No. 1, p.1 ¶2.] Also, from the face of
2  Plaintiff's complaint, it is apparent that Defendant will be unable to prove that the amount in
3  controversy exceeds $75,000, exclusive of attorneys fees and costs, as Plaintiff seeks less than
4  $10,000. Thus, diversity jurisdiction is lacking.

## CONCLUSION

6  Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and
7  therefore **REMANDS** the case to state court. Defendant's motion to proceed *in forma pauperis*
8  [Doc. No. 2] is **DENIED AS MOOT**.

9  **IT IS SO ORDERED**.

10 DATED: November 4, 2011

Hon. Michael M. Anello
United States District Judge